THIS OPINION IS A
PRECEDENT OF THE
T.T.A.B.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

MBA

Mailed: May 6, 2010

Opposition No. 91189238

Byer California

v.

Clothing for Modern Times
Ltd.

**Michael B. Adlin, Interlocutory Attorney:**

This case now comes up for consideration of applicant's motions, both filed February 19, 2010, to compel supplemental responses to its interrogatories and requests for production and to exclude Edward Manburg, opposer's Chief Financial Officer, as a trial witness. On March 10, 2010, at applicant's request, the Board held a telephone conference with the parties to hear opposer's opposition to both motions. Alisa C. Key appeared on opposer's behalf, and Mary Beth Walker appeared on applicant's behalf.

Opposition No. 91189238

Background

Applicant seeks registration of CBX for "Footwear,"[1] and in its notice of opposition, opposer alleges prior use and registration of BCX[2] and BCX GIRL[3] for clothing and that use of applicant's mark is likely to cause confusion with opposer's marks. Applicant denies the salient allegations in the notice of opposition.

Opposer served its initial disclosures on July 20, 2009, and therein identified three "individuals who Opposer believes are likely to have discoverable, non-privileged knowledge of facts that Opposer may use to support its claims and support the denials of the affirmative defenses asserted or to be asserted by applicant," specifically: Joel Feldman, opposer's President of Operations, Bryan J. Tinkham, applicant's Chief Financial Officer and Robert Morris, the Chief Financial Officer of Urban Behavior (identified as a division of applicant). Declaration of Mary Beth Walker in Support of Applicant's Motion to Exclude ("Walker Dec. I") ¶ 2 and Ex. 1. Pursuant to the Board's order of April 15, 2009, discovery was scheduled to

---

[1]  Application Serial No. 77504080, filed June 20, 2008, based on an intent to use the mark in commerce.
[2]  Registration No. 3164118, issued October 24, 2006 from an application filed July 13, 2005, with a date of first use in commerce of December 10, 2005.

close on December 16, 2009, but applicant took no discovery until the last day of the discovery period. Applicant's Motion to Compel pp. 2-3. On that day,[4] applicant served written discovery requests. Declaration of Mary Beth Walker in Support of Applicant's Motion to Compel ("Walker Dec. II") ¶ 2. Opposer timely served written responses to applicant's discovery requests, and opposer eventually supplemented its written responses and produced certain responsive documents. Walker Dec. II ¶¶ 3-4, 10, 12, 15, 17. Opposer timely served its pretrial disclosures on February 5, 2010, identifying three witnesses "from whom it intends to take testimony, or may take testimony if the need arises,"[5] specifically: Mr. Feldman, Mr. Morris and Edward Manburg, opposer's Chief Financial Officer. Walker Dec. I ¶ 5 and Ex. 2. Opposer's summary of subjects on which Messrs. Feldman and Manburg are expected to testify is identical for each witness. Id.[6] Opposer also served a

---

[3]    Registration No. 3366426, issued January 8, 2008 from an application filed November 2, 2006, with a date of first use in commerce of January 30, 2007.

[4]    On December 16, 2009, applicant filed a stipulated motion to extend the discovery deadline until December 22, 2009, to allow opposer to take discovery depositions of applicant and Mr. Morris. The Board granted the stipulated motion in its order of December 18, 2009.

[5]    Trademark Rule 2.121(e).

[6]    Both witnesses are expected to testify regarding the "adoption, history, use, advertising, merchandising, promotion, distribution and sale of goods" under opposer's marks; opposer's registration of its marks; opposer's history and business, the

notice of testimonial deposition of Mr. Manburg, setting March 11, 2010 as the date for the deposition. Id. ¶ 8 and Ex. 4.

The Parties' Contentions

In its motion to compel, applicant argues that opposer's document production is "clearly insufficient," because although opposer claims use of its marks for several years, and indicated in its written discovery responses that it "will produce" relevant documents, opposer did not produce

> [d]ocuments related to Opposer's selection of the BCX and BCX GIRL marks (Doc. Request No. 5); advertising or promotional materials other than website printouts (Doc. Request No. 12); Opposer's use of its BCX or BCX GIRL marks on its products (Doc. Request No. 19); sales documents related to Opposer's BCX and BCX GIRL marks (Doc. Request Nos. 21 and 22); and documents related to Opposer's advertising and promotional efforts and expenditures (Doc. Request No. 21).

Applicant's Motion to Compel pp. 5-6. Applicant argues that opposer "must diligently search its records" and produce responsive documents, or amend its written

---

"channels of trade and natural progression," of opposer's goods and services; the purchasers and prospective purchasers of opposer's goods; enforcement and public recognition of opposer's marks; and opposer's claims in the notice of opposition.

discovery responses to "reflect its lack of any responsive documents." Id. p. 6.

During the teleconference, opposer claimed that it has produced the responsive documents it has in its possession.

Turning to the motion to exclude, applicant concedes that opposer identified Mr. Manburg in its responses to applicant's interrogatories. However, applicant points out that opposer never amended its initial disclosures to identify Mr. Manburg, and claims that this "deprived [applicant] of the opportunity to depose him during the discovery period. As such, Mr. Manburg must be excluded as a witness for Opposer." Applicant's Motion to Exclude p. 3.

During the teleconference, opposer conceded that it conferred with Mr. Manburg in preparing its initial disclosures, but did not provide a specific reason for not identifying him in the disclosures. However, opposer claimed that it did not realize that Mr. Manburg had relevant information until it began the process of responding to applicant's discovery requests, which sought information more detailed than that which parties are required to include in their initial disclosures. Opposer argued that if applicant had served its discovery requests earlier, it would have learned that Mr. Manburg had

relevant information, and could have taken his discovery deposition. Opposer also offered to stipulate that applicant's cross-examination of Mr. Manburg during his testimony deposition could go beyond the scope of opposer's direct examination.

Decision

Turning first to applicant's motion to compel, opposer claimed during the teleconference that it has produced all responsive documents in its possession, and opposer cannot be compelled to produce what it does not have. Accordingly, applicant's motion to compel is hereby **DENIED**. However, as noted during the teleconference, applicant may seek to preclude opposer from relying on information or documents which should have been produced in response to any of applicant's discovery requests, but were not. See, Panda Travel, Inc. v. Resort Option Enterprises, Inc., __ USPQ2d ___, 2009 WL 5253036 (TTAB Dec. 29, 2009) (granting motion to strike where party provided no reason for failing to serve documents responsive to discovery requests before trial opened); Quality Candy Shoppes/Buddy Squirrel of Wisconsin Inc. v. Grande Foods, 90 USPQ2d 1389, 1392 (TTAB 2007) (same); Presto Products v. Nice-Pak Products, 9

USPQ2d 1895, 1896 n. 5 (TTAB 1988); TBMP § 527.01(e)(2d ed. rev. 2004).[7]

Turning next to applicant's motion to exclude, the motion is not construed as a motion in limine, which the Board does not hear.  See, Greenhouse Systems Inc. v. Carson, 37 USPQ2d 1748, 1750 (TTAB 1995).  Rather, under the circumstances of this case, applicant's motion is more akin to a motion to quash a notice of testimonial deposition based on insufficient or unreasonable notice. Cf., Sunrider Corp. v. Raats, 83 USPQ2d 1648 (TTAB 2007) (in case preceding the Board's "new rules" requiring pretrial disclosures, Board denied motion to quash because notice was reasonable).  That is, applicant is essentially contending that opposer's failure to previously identify Mr. Manburg in its initial disclosures, or in amended disclosures, resulted in an unfair surprise, as applicant did not become aware that Mr. Manburg had relevant knowledge until after it was too late to take his discovery deposition.  Rather than seeking a ruling on a particular evidentiary issue in advance of Mr. Manburg's testimony being introduced, applicant is seeking to preclude Mr.

---

[7]     Because applicant may seek application of the estoppel sanction, and opposer represented during the teleconference that it has produced all responsive documents in its possession, there is no need for opposer to serve revised discovery responses reflecting its lack of additional responsive documents.

Manburg from testifying at all, about anything, and its motion is therefore not construed as a motion in limine.

Turning now to the substance of applicant's motion, the issue is not as simple as either party contends, for each party's conduct during the disclosure and discovery process leaves something to be desired. Opposer's inability to specify a reason for not identifying Mr. Manburg in its initial disclosures, despite discussing this proceeding with him, is surprising. See, Jules Jurgensen/Rhapsody Inc. v. Baumberger, 91 USPQ2d 1443, 1444-45 (TTAB 2009). Indeed, while parties need not identify prospective trial witnesses in their initial disclosures, they must identify "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." Id. at 1443 n. 1 (quoting Fed. R. Civ. P. 26(a)(1)). It appears based on opposer's discovery responses that Mr. Manburg does have discoverable information, and it would be curious for a trial witness not to have discoverable information.

On the other hand, however, opposer identified Mr. Manburg in its discovery responses, and it is not surprising that a party might not become aware of information relevant to its claims in preparing initial disclosures, which do not require an exhaustive search for

all information or potential witnesses that could be used at trial.[8] Nor would it be surprising for a party to learn of relevant information for the first time in preparing responses to detailed discovery requests. Furthermore, while opposer was required to supplement its initial disclosures, there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process …." Galaxy Metal Gear Inc. v. Direct Access Technology Inc., 91 USPQ2d 1859, 1861 (TTAB 2009)(quoting 1993 Advisory Committee Notes to Fed. R. Civ. P. 26(e)).

As for applicant, at least one reason why it did not learn of Mr. Manburg earlier is that applicant did not serve any discovery whatsoever until the last day of the discovery period.[9] See, Dating DNA, LLC v. Imagini

---

[8] While parties preparing initial disclosures need not conduct an exhaustive search for all information that could be used at trial, initial disclosures may in many cases be broader than pretrial disclosures, because the latter may reflect a narrowing of the issues that need to be proved at trial. At the very least, initial disclosures should be broad enough to demonstrate a party's willingness to cooperate in the discovery process.

[9] In its motion to compel, applicant claims that it has "limited resources," and "hoped that the parties could reach a resolution of this matter before significant costs were incurred." Therefore, applicant waited to serve discovery requests "until later in the discovery period to maximize the efficiency of its defense in this case." Applicant's Motion to

<u>Holdings, Ltd.</u>, ___ USPQ2d ___, 2010 WL 985361 at * 4 (TTAB Feb. 22, 2010); TBMP § 403.05 (explaining importance of serving discovery requests early enough to allow for time to take follow-up discovery). Furthermore, applicant's claim that it is prejudiced by being "deprived of the opportunity" to take a discovery deposition of Mr. Manburg is belied by its failure to take the discovery deposition of Mr. Feldman, who was identified in opposer's initial disclosures. Indeed, applicant provided no explanation for why it would have deposed Mr. Manburg when it did not depose Mr. Feldman.

In this case, neither <u>Galaxy Metal Gear</u> nor <u>Jules Jurgensen</u> is controlling.[10] Here, unlike <u>Jules Jurgensen</u>, opposer identified Mr. Manburg in its pretrial disclosures (as well as its timely discovery responses), and this weighs in favor of allowing his testimony. On the other hand, unlike in <u>Galaxy Metal Gear</u>, and notwithstanding applicant's failure to initiate discovery earlier, applicant has not had the opportunity to take a discovery

---

Compel at pp. 2-3. Of course, initiating discovery early does not mean that the discovery must be extensive or expensive.
[10] While <u>Galaxy Metal Gear</u> addresses the admissibility of discovery deposition testimony at trial, rather than the exclusion of a witness, it is nevertheless relevant, as it addresses the impact of failing to identify a witness in initial or pretrial disclosures.

deposition of Mr. Manburg, which weighs against allowing his testimony.

Under the particular circumstances of this case, which appear to be fairly unique, fairness dictates a compromise approach which protects both parties' interests. Specifically, applicant's motion to exclude is **GRANTED, IN PART**, to the extent that opposer may only offer Mr. Manburg's testimony: (1) on subjects not within Mr. Feldman's knowledge; and (2) about which Mr. Feldman could not accurately testify by reviewing business records in advance of his testimony deposition; or (3) to introduce documentary evidence for which only Mr. Manburg could provide a proper foundation. In other words, because the pretrial disclosures show that Mr. Feldman and Mr. Manburg will or may testify on many of the same subjects, opposer's principal witness will have to be Mr. Feldman, who applicant had an opportunity to depose during discovery. On or before **May 30, 2010**, opposer shall serve revised pretrial disclosures specifying the subjects about which Mr. Feldman and Mr. Manburg will testify pursuant to this order, and identifying the documents each will identify and present. If revised pretrial disclosures are not served, it will be presumed that opposer no longer plans to utilize Mr. Manburg as a witness at trial.

In the event opposer serves revised pretrial disclosures, discovery herein shall be reopened for applicant only, and only for the purpose of allowing applicant to take a discovery deposition of Mr. Manburg. Any such discovery deposition of Mr. Manburg shall be conducted on or before **June 20, 2010**, and shall be limited to the subjects of testimony identified in opposer's revised pretrial disclosures.

Conclusion

Applicant's motion to compel is denied and its motion to exclude is granted in part. Proceedings herein are resumed. Disclosure, reopened and limited discovery, trial and other dates are reset as follows:

| | |
|---|---|
| Opposer's Revised Pretrial Disclosures, If Any, Due[11] | **May 30, 2010** |
| Reopened Discovery Period for Limited Purpose of Applicant's Discovery Deposition of Mr. Manburg Closes | **June 20, 2010** |
| Plaintiff's 30-day Trial Period Ends | **September 18, 2010** |
| Defendant's Pretrial Disclosures | **October 3, 2010** |
| Defendant's 30-day Trial Period Ends | **November 17, 2010** |

---

[11]  In the event opposer does not serve revised pretrial disclosures identifying Mr. Manburg as a witness within the time provided, opposer will be prohibited from taking Mr. Manburg's testimony, discovery will not be reopened for applicant and the parties may either proceed to trial on the schedule set forth herein, or file a stipulation that trial begin sooner.

Opposition No. 91189238

Plaintiff's Rebuttal Disclosures                    **December 2, 2010**

Plaintiff's 15-day Rebuttal Period Ends             **January 1, 2011**

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rule 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.

***